UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA

vs.

BARBARA MORALES,

      Defendant.

_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter, the "Office" or "government") and BARBARA MORALES, (hereinafter, the "defendant" or "MORALES") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment charging her with conspiracy to commit health care fraud, in violation of, Title 18, United States Code, Section 1349.

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines" or "Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

United States v. Barbara Morales, et al.
Page 1 of 11 (December 12, 2011)

Assistant United States Attorney
Attorney for Defendant
Defendant

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, or not more than the greater of twice the gross gain or twice the gross loss from the offense.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $100 will be imposed as to Count 1.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The defendant shall cooperate with this Office, law enforcement officials, and with federal regulatory officials charged with regulating or overseeing the Medicare program by providing full, complete, and truthful information regarding her knowledge, conduct, and actions while involved in health care.  If called upon to do so, the defendant shall provide complete and

United States v. Barbara Morales, et al.
Page 2 of 11 (December 12, 2011)

Assistant United States Attorney
Attorney for Defendant
Defendant

truthful testimony before any grand jury or trial jury in any criminal case, civil proceeding or trial, administrative proceeding or hearing. In carrying out her obligations under this paragraph, the defendant shall neither minimize her own involvement nor fabricate, minimize or exaggerate the involvement of others. If the defendant intentionally provides any incomplete or untruthful statements or testimony, her actions shall be deemed a material breach of this agreement, and the United States shall be free to pursue all appropriate charges against her, notwithstanding any agreements to forebear from bringing additional charges as may be otherwise set forth in this agreement.

6. The defendant shall provide the Probation Office and this Office with a full, complete, and accurate personal financial statement. If the defendant provides incomplete or untruthful statements in her personal financial statement, her action shall be deemed a material breach of this agreement, and the United States shall be free to pursue all appropriate charges against her, notwithstanding any agreements to forebear from bringing additional charges otherwise set forth in this agreement.

7. **Exclusion from the Medicare Program and Other Federal Health Care Programs.** The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate the exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal

United States v. Barbara Morales, et al.  
Page 3 of 11 (December 12, 2011)

Assistant United States Attorney  
Attorney for Defendant  
Defendant

health care program, including Medicare and Medicaid.

8. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents.

9. Provided that the defendant commits no new criminal offenses and provided she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, the United States agrees that it will recommend at sentencing that the defendant receive a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility, and that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government after the filing of the Indictment and prior to entering this plea agreement; (3) commits any misconduct after

United States v. Barbara Morales, et al.                    Assistant United States Attorney
Page 4 of  11 (December 12, 2011)                           Attorney for Defendant
                                                            Defendant

entering this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; (4) fails or refuses to execute consent and authorization forms necessary to permit all financial institutions with whom she holds accounts (including sole, joint, or trust accounts, or accounts over which the defendant has signature authority) to disclose all account records to the Probation Office; or (5) is found to have concealed from the government, the Probation Office and/or the Court the nature, source, location, ownership, or control of resources available to satisfy the defendant's restitution obligations.

10. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation and prosecution of other criminal matters as to warrant the Court's downward departure from the *advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided

United States v. Barbara Morales, et al.　　　　　　　　　　Assistant United States Attorney
Page 5 of 11 (December 12, 2011)　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Defendant

substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this agreement may be construed to require this Office to file any such motions and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

12. The defendant understands and acknowledges that the Court is under no obligation to grant the motions referred to in paragraph 11 of this plea agreement, should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

13. The United States and the defendant agree, that although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

**Guidelines Calculations:**

a. <u>Fraud loss:</u> That the relevant amount of actual, probable or intended loss under Sentencing Guidelines Section 2B1.1 resulting from the offenses committed as to Count 1 is approximately $15.9 million, resulting in a 20-level enhancement, from a base level of 6, pursuant to §2B1.1(b)(1)(K) of the Sentencing Guidelines;

b. <u>Sophisticated Means:</u> That the offense involved sophisticated means, resulting in a 2-level enhancement, pursuant to §2B1.1(b)(9) of the Sentencing Guidelines;

c. <u>Minor Role:</u> That the defendant was a minor participant in the criminal activity,

United States v. Barbara Morales, et al.  
Page 6 of 11 (December 12, 2011)

Assistant United States Attorney  
Attorney for Defendant  
Defendant

resulting in a 2-level reduction, pursuant to §3B1.2 of the Sentencing Guidelines;

    d.    <u>Restitution:</u> That the restitution is $6,298,549.

14. Based on the foregoing, the United States and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court neither depart upward or downward under the Sentencing Guidelines when determining the advisory Sentencing Guideline range in this case. The United States and the defendant further agree, although not binding on the Probation Office or the Court, that except as otherwise expressly contemplated in this plea agreement, there are no factors or circumstances that would support or otherwise suggest the propriety of the Court's finding of any variance under Title 18, United States Code, Section 3553(a).

15. The defendant also agrees to forfeit to the United States all of her right, title, and interest in all property real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7). The property subject to forfeiture includes, but is not limited to, $6,298,549 in U.S. currency, to which the defendant agrees to the entry of a money judgment.

16. Defendant knowingly and voluntarily agrees to waive any claim or defense she may have under the Eighth Amendment to the United States Constitution.

17. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings. The defendant agrees to waive any appeal for the forfeiture.

18. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

United States v. Barbara Morales, et al.    Assistant United States Attorney
Page 7 of 11 (December 12, 2011)    Attorney for Defendant
    Defendant

for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, or to collaterally attack the conviction, any sentence imposed, or the manner in which sentence was imposed, including any restitution order, pursuant to Title 28, United States Code, Sections 2241, 2254, 2255, or any other applicable provision, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this plea agreement shall affect this Office's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if this Office appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this plea agreement, the defendant acknowledges that the defendant has discussed the appeal and collateral attack waiver set forth in this plea agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of the right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. In exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 522, or the Privacy Act of 1974, 5 U.S.C. § 522a. Through this paragraph, the defendant does not waive the defendant's right to obtain from the United States materials that the United States would be obligated to produce at sentencing under

United States v. Barbara Morales, et al.  
Page 8 of 11 (December 12, 2011)

Assistant United States Attorney  
Attorney for Defendant  
Defendant

Rules 16, 26.2, or 32(i)(2) of the Federal Rules of Criminal Procedure or under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

20.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her guilty plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by both the defendant and this Office.

21.   In the event that, for any reason, the defendant does not plead guilty or otherwise fully comply with any of the provisions of this plea agreement, the defendant understands and agrees that the defendant thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 410 of the Federal Rules of Evidence, and Rule 11(f) of the Federal Rules of Criminal Procedure. The defendant further understands and agrees that if, for any reason, the defendant does not plead guilty pursuant to this plea agreement, any statements made by the defendant under this plea agreement, as part of any pre-plea agreement proffers or debriefings, or as part of any attempted or actual cooperation with the Office or any federal law enforcement agency will be admissible against the defendant without any limitation in any civil, criminal, or

United States v. Barbara Morales, et al.                    Assistant United States Attorney
Page 9 of 11 (December 12, 2011)                            Attorney for Defendant
                                                            Defendant

administrative proceeding.

22.     By signing this plea agreement, the defendant certifies that she has read it. The defendant acknowledges that she has discussed the terms of this plea agreement with her attorney and fully understands its meaning and effect. The defendant confirms that she is guilty of the offense(s) to which she is pleading guilty; that her decision to plead guilty is the decision that she has made; and that nobody has forced, threatened, or coerced her into pleading guilty. The defendant affirms that she has discussed this matter thoroughly with her attorney. The defendant further affirms that her discussions with her attorney have included discussion of all rights with respect to the Indictment, possible defenses that she may raise if the case were to go to trial, all rights with respect to the provisions of the Sentencing Guidelines that may apply in this case, and all possible issues and arguments that she may raise at sentencing. The defendant additionally affirms that she is satisfied with the representation provided by her attorney. The defendant accordingly affirms that she is entering into this agreement knowingly, voluntarily, and intelligently, and with the benefit of full, complete, and effective assistance by her attorney.

United States v. Barbara Morales, et al.
Page 10 of 11 (December 12, 2011)

Assistant United States Attorney
Attorney for Defendant
Defendant

23. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 1/17/12      By: _____
                        ALICIA E. SHICK
                        ASSISTANT UNITED STATES ATTORNEY

Date: 1/17/12      By: _____
                        HARRY SOLOMON, ESQ.
                        ATTORNEY FOR BARBARA MORALES

Date: 1-17-12      By: _____
                        BARBARA MORALES
                        DEFENDANT