UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLO9RIDA

CASE NO. <u>11-20587-CR-SCOLA</u>

UNITED STATES OF AMERICA

vs.

BARBARA MORALES,

       **Defendant.**
_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

### Biscayne Milieu Scheme:

      From approximately October 2009, and continuing through approximately September 2011, the defendant, BARBARA MORALES, knowingly and willfully conspired and agreed with others to commit health care fraud in violation of 18 U.S.C. § 1349.

      BARBARA MORALES, a Licensed Mental Health Counselor (LMHC), worked as a therapist for Biscayne Milieu Health Center, Inc. ("Biscayne Milieu"). MORALES would conduct group therapy sessions for the patients attending Biscayne Milieu, however, most of the patients attending Biscayne Milieu's PHP did not qualify. Indeed, Biscayne Milieu admitted some patients that suffered from Alzheimer's disease and dementia, who did not qualify for PHP treatment. Nonetheless, they were admitted to the program by Dr. Gary Kushner and others and claims were submitted to Medicare for their alleged "treatment."

      Many of the other patients admitted to Biscayne Milieu likewise did not qualify for PHP treatment because they were either currently under the influence of an illegal narcotic substance, and/or they were not in an acute phase of a mental illness. The lion's share of Biscayne Milieu's patients were recruited by "Case Managers." Many of the patients recruited by the "Case Managers" were recruited from outside the State of Florida and brought here to live in houses managed and operated by the "Case Managers."

      In addition to the inappropriate patients at Biscayne Milieu, MORALES, and the other therapists, were often instructed to create fraudulent therapy notes for patients that did not, in fact, attend the therapy sessions as billed to Medicare by Jacqueline Moran and/or Sandra Huarte. As instructed, MORALES created fraudulent therapy notes for patients who did not attend her group therapy sessions, or who did not attend the full session as billed to Medicare, to justify the fraudulent billing to Medicare. As an example, on February 9, 2011, a patient C.O. did not attend MORALES' group therapy session as billed to Medicare. Nonetheless, MORALES, as instructed, created a fraudulent group therapy note for C.O. for that session to

justify the billing of that session to Medicare. The fraudulent health care scheme which MORALES participated in at Biscayne Milieu involved sophisticated means.

Between October 2010 and June 2011, Biscayne Milieu billed Medicare approximately $15.9 million. As a result of those submissions, Medicare paid Biscayne Milieu approximately $6,298,549. MORALES knew that Biscayne Milieu would bill Medicare for the inappropriate patients and for services not actually rendered.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 1-17-12

BARBARA MORALES
Defendant

DATE: 1-17-12

HARRY SOLOMON, ESQ.
Attorney for Defendant

DATE: 1/17/12

ALICIA E. SHICK
Assistant United States Attorney

2