UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BARBARA MORALES,

    Defendant.
_____/

## MORALES' REPLY TO THE "ADDENDUM TO THE PRESENTENCE REPORT"

The defendant, Barbara Morales, by and through her undersigned attorney, files this, her Reply to the "Addendum to the Presentence Report" as follows:

1. In her original "Objections To Presentence Investigation Report" (Document # 833), Morales objected to paragraph 140 of the PSI which gave her two additional upward adjustment points for use of a "special skill" pursuant to U.S.S.G. §3B1.3.

2. In the Probation Officer's Response within her "Addendum", she states the following:

> "In the instant offense, [Morales] **directed others** to create fraudulent notes for therapy sessions that actually did not occur with the patients."

3. In addition to the argument previously made in paragraph 2 of her Objection, to wit: that cutting and pasting of notes did not require a "special skill" within the meaning of U.S.S.G. §3B1.3, the probation officer is factually incorrect in noting that Morales "directed other to create fraudulent notes for therapy sessions".  There is no factual basis to support this allegation anywhere in this case.  It should first be noted that in the "Agreed Factual Basis For Guilty Plea" (Document # 388), which was prepared by the Government and signed by both parties, the Government made it very clear that Morales did not instruct others to create notes, but rather created notes "as instructed".  (See paragraph 4 of Agreed Factual Basis For Guilty Plea).  In addition, in paragraph 122 of the PSI, it is indicated that the co-defendant Carmen Mercado was the individual who "instructed therapists, specifically…Barbara Morales [and others] to write notes in the patient files to justify the fraudulent claims to Medicare."

4. Accordingly, not only did Morales not employee a special skill within the meaning of U.S.S.G. §3B1.3, but moreover, there is no factual basis anywhere in the record of this case to suggest that Morales instructed others to create fraudulent notes. In fact, it is clear that Morales was instructed to create such notes, with the threat of non-receipt of her paycheck should she have failed to do so.

5. Undersigned counsel has conferred with Assistant United States Attorney Michael Davis with regard to this objection to the PSI.  Opposing counsel has authorized

2

undersigned counsel to represent to this Court that the Government does not oppose the sustaining of Morales' objection to the PSI for "special skill".[1]

                              Respectfully submitted,

                              HARRY M. SOLOMON, P.A.
                              799 Brickell Plaza, Suite 606
                              Miami, Florida 33131
                              (305)358-7400 / Fax (305) 358-7222

                              /S/ *Harry M. Solomon*
                              HARRY M. SOLOMON
                              Florida Bar No. 221511
                              E-Mail hmslaw@bellsouth.net

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on **October11, 2012**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

                              /S/ *Harry M. Solomon*
                              HARRY M. SOLOMON

---

[1] Indeed with regard to the therapists, the Government has taken a consistent position whether the adjustment was for "abuse of trust" or "special skill".