1                **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF FLORIDA**
2                     **MIAMI DIVISION**

3                Case 11-20587-CR-SCOLA

4

*UNITED STATES OF AMERICA,*

5                              **COURTROOM 12-3**
         Plaintiff,

6                             **MIAMI, FLORIDA**
    vs.

7                         **NOVEMBER 2, 2012**

*BARBARA MORALES,*

8                        (Pages 1 - 23)
           Defendant.

9  _____

10               **TRANSCRIPT OF SENTENCING**
     **BEFORE THE HONORABLE ROBERT N. SCOLA, JR.**
11            **UNITED STATES DISTRICT JUDGE**
  _____

12

13  **FOR THE GOVERNMENT:**     **MICHAEL S. DAVIS, AUSA**   305.961.9027
                       **MARLENE RODRIGUEZ, AUSA**  305.961.9206
14                      *United States Attorney's Office*
                      99 N.E. 4th Street
15                      Miami, FL  33132     (Fax) 305.530.6168
                      michael.davis2@usdoj.gov
16                      marlene.rodriguez@usdoj.gov

17

18  **FOR THE DEFENDANT:**       **HARRY SOLOMON, ESQ.**   305.358.7400
19                      799 Brickell Avenue, Suite 606
                      Miami, FL  33131
20                      hmslaw@snappydsl.net

21

  **REPORTED BY:**            **JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR**
22                      *Official United States Court Reporter*
                      *Federally Certified Realtime Reporter*
23                      Wilkie D. Ferguson, Jr., United States Courthouse
                      400 North Miami Avenue, Suite 12-3
24                      Miami, FL  33128       305.523.5148
                      josephamillikan@gmail.com
25

# TABLE OF CONTENTS

                                                                    Page

Reporter's Certificate .................................... 23

†Indicates failure of Mr. Solomon to provide spellings of proper nouns.

| | | |
|---|---|---|
| 11:31:45 | 1 | THE COURT:  Good morning, everyone.  Welcome.  Please |
| 11:31:47 | 2 | be seated.  Our next case is United States of America v. Barbara |
| 11:31:52 | 3 | Morales.  Could you state your appearances, please? |
| 11:31:56 | 4 | MR. DAVIS:  Michael Davis and Marlene Rodríguez for the |
| 11:32:02 | 5 | United States. |
| 11:32:03 | 6 | MS. RODRIGUEZ:  Good morning. |
| 11:32:04 | 7 | THE COURT:  Good morning. |
| 11:32:05 | 8 | MR. SOLOMON:  Good morning, Your Honor.  Harry Solomon |
| 11:32:08 | 9 | on behalf of Barbara Morales who's seated to my right. |
| 11:32:10 | 10 | THE COURT:  Good morning. |
| 11:32:11 | 11 | THE PROBATION OFFICER:  Good morning, Your Honor. |
| 11:32:12 | 12 | Paule Charleston on behalf of U.S. Probation. |
| 11:32:14 | 13 | THE COURT:  Good morning.  The case is set for |
| 11:32:14 | 14 | sentencing this morning.  Are both sides prepared to go forward |
| 11:32:16 | 15 | with the sentencing? |
| 11:32:16 | 16 | MR. DAVIS:  Yes. |
| 11:32:17 | 17 | MR. SOLOMON:  Yes, Your Honor. |
| 11:32:17 | 18 | THE COURT:  All right.  And has each side received and |
| 11:32:19 | 19 | reviewed the presentence investigation report? |
| 11:32:20 | 20 | MR. DAVIS:  Yes. |
| 11:32:21 | 21 | MR. SOLOMON:  Yes, Your Honor. |
| 11:32:23 | 22 | THE COURT:  All right.  And are there any objections |
| 11:32:27 | 23 | that remain to be resolved by the Court? |
| 11:32:31 | 24 | MR. SOLOMON:  There is one, Your Honor, and that is |
| 11:32:34 | 25 | that Ms. Morales was a therapist in this case.  There was a |

| 11:32:38 | 1 | two-point assessment for special skills.  I filed an objection |
| 11:32:43 | 2 | as well as a reply, objecting to the imposition of a special |
| 11:32:49 | 3 | skill enhancement. |
| 11:32:49 | 4 | THE COURT:  And the Government is not opposing that |
| 11:32:52 | 5 | objection? |
| 11:32:52 | 6 | MR. DAVIS:  Correct. |
| 11:32:53 | 7 | THE COURT:  All right.  So I will sustain the |
| 11:32:58 | 8 | defendant's objection to the two-level increase under Paragraph |
| 11:33:01 | 9 | 140 of the presentence report. |
| 11:33:04 | 10 | Are there other objections now that that's been |
| 11:33:06 | 11 | resolved? |
| 11:33:07 | 12 | MR. SOLOMON:  No, Your Honor. |
| 11:33:10 | 13 | THE COURT:  All right.  So I find as a starting point |
| 11:33:12 | 14 | that the base offense level is Level 6 with a 20-level increase |
| 11:33:18 | 15 | because the amount of the loss was more than $7 million but not |
| 11:33:22 | 16 | more than $20 million; a further two-level increase for the |
| 11:33:31 | 17 | offense involving sophisticated means; a two-level decrease |
| 11:33:36 | 18 | because of the minor role of the defendant. |
| 11:33:40 | 19 | That leaves an adjusted offense level of Level 26, |
| 11:33:44 | 20 | minus two for acceptance, minus an additional one for early |
| 11:33:52 | 21 | acceptance, which leaves a total offense level of Level 23 with |
| 11:34:00 | 22 | Criminal History I, 46 to 57 months. |
| 11:34:10 | 23 | I know the Government has filed a motion for departure |
| 11:34:14 | 24 | under 5K1.1.  What is the Government's position as to an |
| 11:34:19 | 25 | appropriate sentence for Ms. Morales? |

| 11:34:21 | 1 | **MR. DAVIS:**  The Government is going to recommend a |
| 11:34:23 | 2 | sentence of 12 months and a day.  Our recommendation is the |
| 11:34:28 | 3 | result of two separate considerations.  First, consistent with |
| 11:34:33 | 4 | our recommendations for the other therapists in the case, we are |
| 11:34:36 | 5 | going to recommend a downward variance from 46 months to 24 |
| 11:34:40 | 6 | months. |
| 11:34:42 | 7 | Once again, although we did not agree with the Court's |
| 11:34:46 | 8 | sentence as to Mr. Hamer, in order to have consistency among all |
| 11:34:54 | 9 | similarly situated defendants, for the therapists who pled |
| 11:34:56 | 10 | guilty and similarly situated defendants, we believe they should |
| 11:35:02 | 11 | start off at an advisory guideline sentence of 24 months' |
| 11:35:06 | 12 | imprisonment. |
| 11:35:06 | 13 | From that we are also recommending a downward departure |
| 11:35:10 | 14 | under § 5K1.1.  That departure is based upon Ms. Morales' |
| 11:35:23 | 15 | cooperation and testimony at the trial in front of Your Honor |
| 11:35:24 | 16 | this summer.  Ms. Morales, of course, testified in front of Your |
| 11:35:27 | 17 | Honor for, I believe, over a day. |
| 11:35:29 | 18 | The Court heard her testimony.  The Government believes |
| 11:35:32 | 19 | that her testimony was candid and that her testimony was also |
| 11:35:38 | 20 | significant and helpful. |
| 11:35:39 | 21 | Ms. Morales' testimony, first of all, helped confirm |
| 11:35:46 | 22 | the other evidence about some of the general practices at |
| 11:35:49 | 23 | Biscayne Milieu.  She explained that the overwhelming majority |
| 11:35:52 | 24 | of patients at Biscayne Milieu were substance abusers, many were |
| 11:35:56 | 25 | actively using, and they consistently relapsed and were recycled |

| | | |
|---|---|---|
| 11:36:01 | 1 | back into the program. |
| 11:36:02 | 2 | They received inadequate, according to her testimony, |
| 11:36:06 | 3 | psychiatric care, and she also discussed what she learned about |
| 11:36:08 | 4 | some of the social conditions faced by these patients, that they |
| 11:36:16 | 5 | did not have control of their own financial resources, and that |
| 11:36:20 | 6 | they were largely and involuntarily placed in inadequate housing |
| 11:36:24 | 7 | conditions. |
| 11:36:25 | 8 | She also discussed this peculiar practice at Biscayne |
| 11:36:31 | 9 | Milieu at one time of raffling off low-priced hygiene items on |
| 11:36:39 | 10 | Saturdays to encourage attendance which underscored, One, how |
| 11:36:43 | 11 | desperate Biscayne Milieu was to keep the patient census up |
| 11:36:46 | 12 | and, Two, also underscored how desperate the condition of some |
| 11:36:50 | 13 | of these patients were. |
| 11:36:51 | 14 | As part of outlining the general conditions at Biscayne |
| 11:36:53 | 15 | Milieu or the practices at Biscayne Milieu, Ms. Morales also |
| 11:36:56 | 16 | confirmed the rampant falsification of documents as part of the |
| 11:37:01 | 17 | manners and means at Biscayne Milieu. |
| 11:37:04 | 18 | This included falsifying documents for purported |
| 11:37:10 | 19 | therapy sessions conducted on major federal holidays. |
| 11:37:13 | 20 | Ms. Morales explained that she participated in this practice. |
| 11:37:17 | 21 | This was also part of the practice at Biscayne Milieu. |
| 11:37:19 | 22 | In the course of her testimony, Ms. Morales also |
| 11:37:23 | 23 | specifically implicated at least three defendants.  She |
| 11:37:28 | 24 | explained that Sandra Huarte was aware of the falsification of |
| 11:37:34 | 25 | patient records and, indeed, that Sandra Huarte enlisted Manotte |

| | | |
|---|---|---|
| 11:37:38 | 1 | Bazile to write notes for patients that Ms. Bazile had not seen. |
| 11:37:43 | 2 | She explained that Ms. Huarte would also use her |
| 11:37:47 | 3 | control over the therapists' pay checks to compel them to |
| 11:37:51 | 4 | complete notes and obviously the circumstantial inference drawn |
| 11:37:57 | 5 | from that was that Ms. Huarte was doing that knowing that the |
| 11:38:00 | 6 | notes were going to be falsified. |
| 11:38:03 | 7 | Ms. Morales also explained at least one or more |
| 11:38:05 | 8 | incidents in which Jacqueline Moran enlisted her to write group |
| 11:38:09 | 9 | therapy notes for a patient that she hadn't seen. |
| 11:38:14 | 10 | Ms. Morales also discussed the incident in which Rafael |
| 11:38:20 | 11 | Alalu brought her in and reprimanded her for copying and pasting |
| 11:38:25 | 12 | notes.  This was the audit that was conducted of therapists' |
| 11:38:27 | 13 | files after the arrest in the ATC matter, and this was also, of |
| 11:38:31 | 14 | course, done in order to try to figure out ways to sanitize |
| 11:38:34 | 15 | practices at Biscayne Milieu, understanding that they, too, were |
| 11:38:38 | 16 | likely subjects of potential prosecution. |
| 11:38:41 | 17 | In sum, Ms. Morales was candid.  Her testimony was |
| 11:38:45 | 18 | significant and valuable, and we believe that merits an |
| 11:38:48 | 19 | additional reduction under § 5K1.1. |
| 11:38:52 | 20 | We're asking for a reduction down to 12 months and a |
| 11:38:54 | 21 | day.  We think that given the nature and circumstances of the |
| 11:38:58 | 22 | offense, notwithstanding the value of Ms. Morales' cooperation, |
| 11:39:04 | 23 | some incarceration is necessary. |
| 11:39:06 | 24 | We're requesting twelve months and a day for a sentence |
| 11:39:09 | 25 | that's consistent with other people that we view to be similarly |

| | | |
|---|---|---|
| 11:39:12 | 1 | situated with her and, in particular, Carmen Mercado and Manotte |
| 11:39:19 | 2 | Bazile. |
| 11:39:19 | 3 | Lastly and not relevant to the Government's sentencing |
| 11:39:22 | 4 | request, I believe that Mr. Solomon will be asking for a |
| 11:39:26 | 5 | voluntary surrender which the Government, of course, does not |
| 11:39:28 | 6 | oppose.  I believe Mr. Solomon will also be asking for a |
| 11:39:31 | 7 | surrender date after the holidays and, of course, the Government |
| 11:39:34 | 8 | doesn't oppose that. |
| 11:39:37 | 9 | Unless the Court has any additional questions, that |
| 11:39:40 | 10 | concludes my remarks. |
| 11:39:41 | 11 | **THE COURT:**  All right.  Thank you. |
| 11:39:42 | 12 | Mr. Solomon, what is the defense position as to an |
| 11:39:44 | 13 | appropriate sentence? |
| 11:39:45 | 14 | **MR. SOLOMON:**  Thank you, Your Honor.  Your Honor, if I |
| 11:39:50 | 15 | may take this in order.  First of all, what I would like to do |
| 11:39:55 | 16 | is to introduce some of the people who are here today for my |
| 11:40:00 | 17 | client because I think it's extremely significant what an |
| 11:40:03 | 18 | amazing support system my client has. |
| 11:40:05 | 19 | I'm sure you've read these letters, and I don't want to |
| 11:40:07 | 20 | get ahead of myself but in all the years that I've been a |
| 11:40:10 | 21 | criminal defense practitioner, which is now about 33 or 34 |
| 11:40:14 | 22 | years, I'm sorry to say, I have never seen letters like this |
| 11:40:18 | 23 | which show the unique person that I am representing in this |
| 11:40:24 | 24 | Court today, and I know the Court will have read all of those |
| 11:40:27 | 25 | letters -- |

| | | |
|---|---|---|
| 11:40:27 | 1 | **THE COURT:**  I have. |
| 11:40:28 | 2 | **MR. SOLOMON:**  -- and have understood all of that, but |
| 11:40:30 | 3 | this is what I'd like to do:  In addition to my client, Your |
| 11:40:32 | 4 | Honor, Jan Martínez, her daughter; Lenny Martínez, her son; Avi |
| 11:40:39 | 5 | Martínez, her daughter-in-law; Melissa Jiménez, Jan's |
| 11:40:45 | 6 | significant other; Leonardo Martínez, her first husband and |
| 11:40:48 | 7 | childhood sweetheart, if I may put that the way; Raymond |
| 11:40:52 | 8 | Batayal†, her brother; Amada Bellus†, her sister-in-law; Raymond |
| 11:40:58 | 9 | Batayal†, Jr., her nephew; Todia Batayal†, Raymond, Jr.'s wife; |
| 11:41:04 | 10 | and Carolyn Batayal†.  Thank you.  Thank you for being here. |
| 11:41:11 | 11 | Your Honor, with regard to the cooperation, first of |
| 11:41:15 | 12 | all, this sentencing is really for the most part nonadversarial, |
| 11:41:23 | 13 | and I wanted the Court to understand that because the |
| 11:41:25 | 14 | Government, I feel, has been extremely helpful, and this has |
| 11:41:34 | 15 | been a very symbiotic relationship between my client and the |
| 11:41:38 | 16 | Government. |
| 11:41:39 | 17 | I appreciate the Government's position that they've |
| 11:41:41 | 18 | taken with regard to this.  I will say this, Your Honor: |
| 11:41:46 | 19 | Mr. Davis and Ms. Rodríguez know that I am going to be asking |
| 11:41:49 | 20 | for a sentence less than the year and a day that they're |
| 11:41:56 | 21 | recommending, and I will give the specific reasons for that. |
| 11:41:59 | 22 | I do not believe, Judge, that just because it's federal |
| 11:42:01 | 23 | court that everybody needs to go to jail.  And if there was ever |
| 11:42:04 | 24 | a client that stood before you, or a defendant that stood before |
| 11:42:06 | 25 | you, that really does not need to go to jail at this point, Your |

| | | |
|---|---|---|
| 11:42:10 | 1 | Honor, it is Ms. Morales.  She does not need to go to jail. |
| 11:42:13 | 2 | This Court can fashion a punishment that takes into |
| 11:42:16 | 3 | account every factor under 3553 which will satisfy all of those |
| 11:42:20 | 4 | things. |
| 11:42:21 | 5 | I'd like to start by the cooperation.  I appreciate |
| 11:42:24 | 6 | Mr. Davis focusing on the substantive testimony.  I want to |
| 11:42:31 | 7 | point out, Your Honor, if I might, what she did physically in |
| 11:42:35 | 8 | this case.  There were debriefings, lengthy debriefing: |
| 11:42:40 | 9 | December 7, 2011; June 13, 2012; July 6, 2012; Friday, July |
| 11:42:46 | 10 | 13th, 2012; Sunday, July 15th.  This is when the trial started. |
| 11:42:55 | 11 | Sunday, July 15th. |
| 11:42:57 | 12 | THE COURT:  I remember the trial started July 2nd and |
| 11:42:59 | 13 | went through the whole summer.  I remember my entire summer.  I |
| 11:43:05 | 14 | will always remember the summer of 2012. |
| 11:43:08 | 15 | MR. SOLOMON:  How was that vacation? |
| 11:43:09 | 16 | THE COURT:  Yes.  My wife keeps reminding me that we |
| 11:43:12 | 17 | didn't have a vacation. |
| 11:43:15 | 18 | MR. DAVIS:  Your Honor, my apologies.  I omitted to |
| 11:43:15 | 19 | mention that Ms. Morales met with us, met with Ms. Rodríguez |
| 11:43:20 | 20 | rather extensively, and she was there whenever we asked her to |
| 11:43:23 | 21 | be there and she was fully cooperative. |
| 11:43:24 | 22 | THE COURT:  All right.  Thank you. |
| 11:43:25 | 23 | MR. SOLOMON:  That was not intentional.  I'm sure that |
| 11:43:27 | 24 | Mr. Davis did not intentionally do that.  It's just that I |
| 11:43:30 | 25 | wanted to point out, Judge, and I'll accept that.  There were |

| 11:43:34 | 1 | huge amounts of debriefing on weekends, at nights, all in |
|---|---|---|
| 11:43:37 | 2 | getting ready for trial and, of course, Your Honor knows she |
| 11:43:39 | 3 | testified for a day-and-a-half in this case, and I think Your |
| 11:43:43 | 4 | Honor had an ability to also evaluate her testimony just as the |
| 11:43:46 | 5 | jury did. |
| 11:43:53 | 6 | With regard to specific reasons why I don't think that |
| 11:43:59 | 7 | Ms. Morales should be incarcerated at all in this case, these |
| 11:44:04 | 8 | are the reasons, Judge:  Of all the therapists that were |
| 11:44:09 | 9 | involved in this case, she was the least involved. |
| 11:44:12 | 10 | She was less deep into this conspiracy than anyone |
| 11:44:14 | 11 | else.  I believe she was involved for the shortest amount of |
| 11:44:18 | 12 | time of just about anybody in this case.  The dates of this |
| 11:44:22 | 13 | conspiracy were January 2007 to August 2011.  Ms. Morales' |
| 11:44:30 | 14 | employment during the periods of that Indictment started as a |
| 11:44:32 | 15 | part-time basis in October 2009 and only in the summer of 2010 |
| 11:44:38 | 16 | did she become full-time. |
| 11:44:40 | 17 | As the Court knows from the PSI, she has an absolutely |
| 11:44:45 | 18 | flawless record.  I point out the very sad fact that her husband |
| 11:44:49 | 19 | with whom she loved deeply died in the year 2007 which threw her |
| 11:44:56 | 20 | life into a complete tizzy and in my opinion caused her to not |
| 11:45:02 | 21 | think properly in this case, and I think she's probably going to |
| 11:45:05 | 22 | tell you the same thing when she speaks to you. |
| 11:45:07 | 23 | She did not receive any funds in this case outside of |
| 11:45:09 | 24 | her normal paycheck, and I'm sure you've heard that statement |
| 11:45:12 | 25 | many times and, in fact, was threatened with not even receiving |

| | | |
|---|---|---|
| 11:45:16 | 1 | a paycheck if she did not do these notes which, of course, was |
| 11:45:23 | 2 | the impetus, people in a Hobson's choice which, of course, they |
| 11:45:27 | 3 | all made the wrong choice but, nonetheless, it isn't as though |
| 11:45:31 | 4 | they directly profited extra dollars from criminality. |
| 11:45:35 | 5 | And finally, Your Honor, her cooperation was extremely |
| 11:45:38 | 6 | thorough.  I don't know that there was anybody in this case, at |
| 11:45:41 | 7 | least among the therapists, that cooperated to the degree and |
| 11:45:45 | 8 | extent that Barbara did, and the fact that the Government used |
| 11:45:48 | 9 | her above all therapists, other therapists, indicates the amount |
| 11:45:52 | 10 | of trust that the Government had in the veracity of the things |
| 11:45:55 | 11 | that she was telling them. |
| 11:45:56 | 12 | So I think that all of those things are important and |
| 11:45:58 | 13 | they all play toward the fact that Ms. Morales does not need to |
| 11:46:04 | 14 | be incarcerated in this case. |
| 11:46:05 | 15 | Certainly, this Court can fashion a sentence that |
| 11:46:08 | 16 | involves some house arrest, some probation, which will take into |
| 11:46:11 | 17 | account the Government's interests.  And as I said, I told the |
| 11:46:14 | 18 | Government I was going to do this, and the Government |
| 11:46:16 | 19 | understands why I'm doing this, but the Court can take into |
| 11:46:22 | 20 | account the interests of society in punishment, along with all |
| 11:46:26 | 21 | the factors of 3553 and her family support and fashion a |
| 11:46:33 | 22 | sentence in this case that is a fair and just result. |
| 11:46:40 | 23 | The last ting I want to talk about, Judge, just very, |
| 11:46:43 | 24 | very briefly, and then my client would like to make a brief |
| 11:46:47 | 25 | statement to you, is these sentencing letters, and I've |

| 11:46:49 | 1 | mentioned it before, but the reality here is that those |
| 11:46:52 | 2 | sentencing letters speak to the very unique individual that |
| 11:46:57 | 3 | Ms. Morales is, from having family dinners and insisting that |
| 11:47:01 | 4 | people come around and discuss things and meet as a family and |
| 11:47:07 | 5 | stay together. |
| 11:47:08 | 6 | Look at this family that's here in support of her, |
| 11:47:12 | 7 | very, very accomplished people in this community who are part of |
| 11:47:17 | 8 | her family, who she interacts with on a daily basis, who she is |
| 11:47:21 | 9 | one of them but for this mistake that she has made which, by the |
| 11:47:25 | 10 | way, she's not denying and never has denied it. |
| 11:47:29 | 11 | Her daughter, Jan Martínez, wrote a beautiful letter. |
| 11:47:34 | 12 | I would love to sit here and read it to you again because it's |
| 11:47:36 | 13 | so incredibly well crafted but I won't do that.  I'm going to |
| 11:47:41 | 14 | just accept the fact that I know that Your Honor has read it, |
| 11:47:43 | 15 | but there's just a couple of other things that I wanted the |
| 11:47:46 | 16 | Court to hear. |
| 11:47:53 | 17 | This is a letter -- and I've already apologized to |
| 11:47:55 | 18 | those family members whose letters I'm not referring to -- this |
| 11:47:58 | 19 | is a letter from Abbey LaRosa†, I believe her daughter-in-law. |
| 11:48:04 | 20 | And one of her paragraphs says: |
| 11:48:06 | 21 | "As a daughter, she was the primary caretaker for her |
| 11:48:10 | 22 | parents.  I remember her going to the hospital day in and |
| 11:48:13 | 23 | day out to take care of her dad, Conrado Batayal†, who was |
| 11:48:17 | 24 | in ICU after heart surgery and also running to be by her |
| 11:48:21 | 25 | husband's bedside who had kidney failure until their |

11:48:25   1          passing.  Even as she was also dealing with this, she kept

11:48:28   2          helping others while working full-time in the mental health

11:48:32   3          field.

11:48:32   4               "She currently takes care of her 87-year-old uncle as

11:48:34   5          she did for her own parents.  She has made it a point to

11:48:37   6          make a difference in everyone's life, may it be personal or

11:48:41   7          professional.  I truly could not ask for a better example

11:48:45   8          of what it is to be a caring, strong and loving person.

11:48:49   9          That is why I can truly say that she is the best

11:48:52   10         mother-in-law role model and friend anyone can have.  She

11:48:55   11         is loved by her family and depended on by many."

11:49:01   12              I think that that really speaks to who Barbara is.

11:49:09   13              Another letter, the last one, this is from Jan's

11:49:16   14     significant other, Melissa, and I'm just reading a selected

11:49:19   15     paragraph:

11:49:20   16              "I am reminded of a conversation."  They're having

11:49:22   17         family dinners where everybody comes together once a week

11:49:25   18         to keep together as a family.  "I am reminded of a

11:49:29   19         conversation we once had regarding the son of a friend who

11:49:31   20         was having a hard time at school.  His love of music was

11:49:34   21         evident, but his parents could not afford to pay for music

11:49:38   22         lessons.

11:49:39   23              "Barbara discussed with us how she knew that if music

11:49:42   24         was prevalent in this boy's life, he would do better, not

11:49:45   25         only academically but on a social level, and asked her

11:49:48  1    children for their opinion on gifting the boy her late

11:49:52  2    husband's drum set.

11:49:53  3        "Over the course of the next few months, we learned

11:49:55  4    that the boy's grades immediately improved and he began to

11:49:59  5    open up to his parents.  I knew that Barbara had held on to

11:50:02  6    that drum set for sentimental reasons, but this sense of

11:50:06  7    generosity and selflessness is distinctly Barbara.  She has

11:50:11  8    always been passionate about doing what she can to help

11:50:13  9    others, and I know that nothing that Barbara has done has

11:50:16  10   been done with malicious intent or to hurt anyone."

11:50:19  11       And the letters just speak to those kinds of things

11:50:21  12  over and over again.  I would like my client at this time to

11:50:26  13  address the Court, and then I would like to have maybe 15 or 20

11:50:29  14  seconds of the Court's further time.

11:50:31  15       **THE COURT:**  All right.  Ms. Morales, you have the

11:50:33  16  opportunity and the right to make a statement to me.  You don't

11:50:36  17  have to say anything but if you would like to say something, now

11:50:39  18  is your opportunity.

11:50:40  19       **THE DEFENDANT:**  Yes, Your Honor.

11:50:43  20       Your Honor, I prepared a statement because sometimes

11:50:47  21  when I'm anxious, I tend to forget everything that I want to

11:50:50  22  say.

11:50:52  23       Your Honor, I would like to take this time to apologize

11:50:57  24  to the Court and to the Government for what I have done.  I

11:51:02  25  accept full responsibility for my misjudgment and have

| | | |
|---|---|---|
| 11:51:07 | 1 | cooperated to the fullest with the Government in order to |
| 11:51:13 | 2 | attempt to rectify my mistakes. |
| 11:51:17 | 3 | When my husband passed away in 2007, I was under a |
| 11:51:21 | 4 | great deal of pressure to manage everything alone.  I know this |
| 11:51:24 | 5 | is not an excuse, but I was under all kinds of pressure at work |
| 11:51:32 | 6 | to supply my notes, and I allowed my emotions to take the better |
| 11:51:41 | 7 | of my true judgment.  I understand that there's no excuse for my |
| 11:51:43 | 8 | actions.  I know I need to be punished for my mistakes. |
| 11:51:48 | 9 | I came to this country with my family, my father, my |
| 11:51:54 | 10 | mother and my brother, when I was 13 years old, and I have |
| 11:52:00 | 11 | always been a good and productive citizen, that I have always |
| 11:52:06 | 12 | obeyed the law. |
| 11:52:07 | 13 | I have two amazing childrens and an amazing family who |
| 11:52:12 | 14 | I have let down and even still support me unconditionally.  I |
| 11:52:18 | 15 | can assure you, Your Honor, that I will never ever be involved |
| 11:52:23 | 16 | in anything like this again. |
| 11:52:25 | 17 | I apologize again to the Government and the Court, and |
| 11:52:32 | 18 | I know you have to sentence me today but, please, Your Honor, be |
| 11:52:38 | 19 | as lenient as you can. |
| 11:52:40 | 20 | Thank you, Your Honor. |
| 11:52:42 | 21 | **THE COURT:**  All right.  Thank you. |
| 11:52:43 | 22 | **MR. SOLOMON:**  And the only thing I have left to say, |
| 11:52:45 | 23 | Judge, is what I started with:  Not everybody needs to go to |
| 11:52:50 | 24 | jail. |
| 11:52:51 | 25 | I appreciate the Government's position in this case, |

| | | |
|---|---|---|
| 11:52:55 | 1 | but I do believe, Your Honor, that factually even she's |
| 11:53:00 | 2 | distinguishable from anybody else in this case as a therapist |
| 11:53:03 | 3 | and a least-involved therapist. |
| 11:53:06 | 4 | Her cooperation was what it was.  I would ask this |
| 11:53:09 | 5 | Court to fashion a sentence of a combination of house arrest and |
| 11:53:12 | 6 | probation in any amount that this Court deems sufficient.  There |
| 11:53:14 | 7 | is no reason to put this woman in jail.  She has learned her |
| 11:53:19 | 8 | lesson. |
| 11:53:20 | 9 | THE COURT:  All right.  Thank you. |
| 11:53:21 | 10 | All right.  Having previously determined that the total |
| 11:53:24 | 11 | offense level is Level 23 with Criminal History I and an |
| 11:53:31 | 12 | advisory guideline provision of 46 to 57 months, I first find |
| 11:53:36 | 13 | that the defendant is not able to pay a fine in addition to her |
| 11:53:39 | 14 | restitution obligation so I'm not going to impose a fine. |
| 11:53:45 | 15 | Having considered the statements of the parties, the |
| 11:53:48 | 16 | presentence report which contains the advisory guidelines as |
| 11:53:50 | 17 | well as all the statutory factors under 18 USC § 3553, I do |
| 11:53:56 | 18 | believe that Ms. Morales should be given consideration as I have |
| 11:54:03 | 19 | to several other people in the case because she received no |
| 11:54:06 | 20 | money for involvement beyond her salary. |
| 11:54:09 | 21 | I do believe she should receive consideration because |
| 11:54:13 | 22 | she did provide therapy to many patients, but I'm sure |
| 11:54:19 | 23 | Mr. Solomon who's an excellent lawyer has explained to you the |
| 11:54:22 | 24 | guidelines. |
| 11:54:25 | 25 | Without anything unusual being in place, you know, your |

| | | |
|---|---|---|
| 11:54:29 | 1 | mom, your sister, your family, or whoever it is that you're here |
| 11:54:34 | 2 | to support, would be looking at 46 months to 57 months in |
| 11:54:37 | 3 | prison.  So the Government of the United States has determined |
| 11:54:39 | 4 | for somebody who commits this crime, that's an appropriate |
| 11:54:44 | 5 | sentence unless there's something unusual about the case, and I |
| 11:54:47 | 6 | know that you're here for your mom and she is a good person. |
| 11:54:50 | 7 | Okay.  But it is not unusual for a good person to |
| 11:54:54 | 8 | commit a crime.  A lot of people think, "Well, you know, if |
| 11:54:57 | 9 | somebody commits a crime, they're a criminal.  They're a bad |
| 11:55:01 | 10 | person."  A lot of good people do bad things, whether they |
| 11:55:04 | 11 | exercise bad judgment or they lose their temper or they |
| 11:55:07 | 12 | have a drug problem.  There's a lot of people who are really |
| 11:55:10 | 13 | good people who just happen to do a bad thing. |
| 11:55:13 | 14 | I do think, you know, your mom is an extraordinarily |
| 11:55:17 | 15 | good person, and I'm going to give consideration to that in |
| 11:55:20 | 16 | imposing sentence. |
| 11:55:22 | 17 | I also think that this is, I don't know, the fifteenth, |
| 11:55:28 | 18 | sixteenth, seventeenth sentence in this case and although |
| 11:55:31 | 19 | Mr. Davis has very kindly recommended a sentence of 12 months |
| 11:55:36 | 20 | and a day, I think a lot of that is because the starting point |
| 11:55:41 | 21 | is of a sentence that I gave somebody else that the Government |
| 11:55:43 | 22 | doesn't agree with, but they are just saying, Well, if you gave |
| 11:55:46 | 23 | that person that sentence, it would be unfair to the other |
| 11:55:50 | 24 | people to do that; but if they were on their own saying what the |
| 11:55:54 | 25 | sentence should be, it would be 46 months for people like |

| | | |
|---|---|---|
| 11:55:58 | 1 | Ms. Morales, minus her cooperation, so maybe they would be |
| 11:56:02 | 2 | recommending 30 months or 24 months. |
| 11:56:05 | 3 | So part of their recommendation is because they don't |
| 11:56:07 | 4 | agree with what I did initially, but they're trying to be fair |
| 11:56:10 | 5 | in light of their acknowledgement that it would be unfair to |
| 11:56:16 | 6 | have other people in the case receive a higher sentence. |
| 11:56:21 | 7 | If I were the king of the world, maybe I wouldn't think |
| 11:56:24 | 8 | that 46 to 57 months is an appropriate sentence generally in |
| 11:56:27 | 9 | these kind of cases but when I became a judge, I agreed that I'm |
| 11:56:32 | 10 | going to follow the law, whether I agree with it or not. |
| 11:56:35 | 11 | So I do believe there are reasons to vary below the |
| 11:56:38 | 12 | guidelines which I have articulated but even that would only |
| 11:56:45 | 13 | take her to the area of about 24 months in prison. |
| 11:56:48 | 14 | I am going to grant the Government's motion for a |
| 11:56:50 | 15 | departure under 5K1.1.  I take careful notes of all the |
| 11:56:56 | 16 | witnesses' testimony because I know that later on I'm going to |
| 11:56:59 | 17 | be asked to possibly give credit for their testimony at |
| 11:57:03 | 18 | sentencing. |
| 11:57:04 | 19 | I wrote down my notes which are that Ms. Morales was a |
| 11:57:07 | 20 | very truthful witness.  She did help the Government.  She was a |
| 11:57:10 | 21 | good witness but not a great witness.  She was very |
| 11:57:12 | 22 | argumentative on cross-examination.  I think that somewhat |
| 11:57:16 | 23 | diminished the effect of her testimony, although she was a good |
| 11:57:21 | 24 | witness, and she should receive significant consideration for |
| 11:57:25 | 25 | that. |

| | | |
|---|---|---|
| 11:57:25 | 1 | So in light of all that, it is the judgment of the |
| 11:57:28 | 2 | Court that the defendant, Barbara Morales, be committed to the |
| 11:57:31 | 3 | Bureau of Prisons to be imprisoned for 12 months and one day as |
| 11:57:35 | 4 | to Count 1. |
| 11:57:36 | 5 | It is further order that had she pay restitution for |
| 11:57:39 | 6 | which she will be jointly and severally liable with her |
| 11:57:41 | 7 | codefendants in the amount of $6,298,549.  While she's |
| 11:57:49 | 8 | incarcerated if she's working at a UNICOR job, she must pay 50 |
| 11:57:52 | 9 | percent of her wages towards her financial obligations. |
| 11:57:55 | 10 | If she is not working a UNICOR job, she must pay a |
| 11:58:00 | 11 | minimum of $25 per quarter and upon her release from |
| 11:58:03 | 12 | incarceration, she must pay restitution at the rate of ten |
| 11:58:06 | 13 | percent of her monthly gross earnings unless the Court alters |
| 11:58:10 | 14 | that schedule in the interest of justice. |
| 11:58:13 | 15 | Upon her release from imprisonment, she will be placed |
| 11:58:15 | 16 | on supervised release for three years as to Count 1.  Within 72 |
| 11:58:20 | 17 | hours of release, she will report in person to the Probation |
| 11:58:23 | 18 | Office in the district where released. |
| 11:58:26 | 19 | While on supervised release, in addition to the |
| 11:58:29 | 20 | standard and statutory conditions of release, the following |
| 11:58:32 | 21 | special conditions will apply:  Financial disclosure |
| 11:58:35 | 22 | requirement, no new debt restriction, self-employment |
| 11:58:38 | 23 | restriction, related concern restriction, relinquishment of |
| 11:58:45 | 24 | licensure and health care business restriction, each of which is |
| 11:58:51 | 25 | more specifically noted in Part G of the presentence report. |

| | | |
|---|---|---|
| 11:58:53 | 1 | She must also pay a special assessment to the United |
| 11:58:57 | 2 | States of $100, payable immediately.  So the total sentence is |
| 11:59:00 | 3 | twelve months and one day in prison, three years' supervised |
| 11:59:03 | 4 | release, $6,298,549 restitution and a $100 special assessment. |
| 11:59:14 | 5 | Is the Government still seeking forfeiture of any |
| 11:59:18 | 6 | property of Ms. Morales? |
| 11:59:20 | 7 | **MR. DAVIS:**  Yes, we are, per the plea agreement.  It |
| 11:59:21 | 8 | would be the same amount as the restitution amount.  I apologize |
| 11:59:27 | 9 | to the Court.  I neglected to check the docket to see if the |
| 11:59:31 | 10 | Court's already entered a preliminary order. |
| 11:59:33 | 11 | With the Court's permission, if I could just contact |
| 11:59:36 | 12 | your deputy via email to give your deputy the docket number, I |
| 11:59:41 | 13 | will cc Mr. Solomon; and if we have not, we will file an order |
| 11:59:44 | 14 | within three days. |
| 11:59:45 | 15 | **THE COURT:**  All right.  So if there is an order already |
| 11:59:46 | 16 | in place, I will incorporate that by reference into the final |
| 11:59:50 | 17 | judgment.  If there's not an order, then get it to me within |
| 11:59:54 | 18 | three days. |
| 11:59:54 | 19 | I will allow Ms. Morales to remain free under the same |
| 11:59:59 | 20 | conditions until she voluntarily surrenders at her designated |
| 12:00:03 | 21 | institution on January 16, 2013 at 9:00 a.m. |
| 12:00:08 | 22 | If for some reason she has not received her designation |
| 12:00:11 | 23 | by that date, she will report in person to the U.S. Marshals |
| 12:00:16 | 24 | Office on the second floor of 301 North Miami Avenue to |
| 12:00:22 | 25 | surrender to commence her sentence at the same date and time. |

| | | |
|---|---|---|
| 12:00:27 | 1 | Now that sentence has been imposed, does the defendant |
| 12:00:30 | 2 | or her counsel object to the Court's finding of fact or the |
| 12:00:33 | 3 | manner in which sentence was pronounced? |
| 12:00:34 | 4 | MR. SOLOMON:  No, Your Honor.  No legal objections. |
| 12:00:36 | 5 | THE COURT:  All right.  Ms. Morales, you have the right |
| 12:00:37 | 6 | to appeal the sentence that was imposed; however, any notice of |
| 12:00:41 | 7 | appeal must be filed within 14 days after entry of the judgment. |
| 12:00:44 | 8 | If you are unable to pay the cost of an appeal, you may apply |
| 12:00:48 | 9 | for leave to appeal *in forma pauperis*. |
| 12:00:50 | 10 | Anything further from the Government or the defendant? |
| 12:00:54 | 11 | MR. DAVIS:  Nothing from the Government, Your Honor. |
| 12:00:55 | 12 | THE COURT:  Are there any counts that you need to |
| 12:00:57 | 13 | dismiss as to her? |
| 12:01:04 | 14 | MR. DAVIS:  I believe there would be.  I'm not certain |
| 12:01:04 | 15 | as to the substantive counts, but the Government would move to |
| 12:01:05 | 16 | dismiss all remaining counts other than the one to which she |
| 12:01:08 | 17 | pled guilty as to this defendant. |
| 12:01:10 | 18 | THE COURT:  All right.  I'll grant the Government's |
| 12:01:11 | 19 | motion to dismiss any remaining counts other than Count 1 as to |
| 12:01:15 | 20 | Ms. Morales.  Jacob let me know the forfeiture order is Docket |
| 12:01:20 | 21 | Entry is 591, so I will incorporate that order by reference into |
| 12:01:24 | 22 | the final judgment. |
| 12:01:25 | 23 | MR. DAVIS:  Thank you, Your Honor. |
| 12:01:27 | 24 | MR. SOLOMON:  Nothing further from us.  Thank you, |
| 12:01:29 | 25 | Judge. |

```
12:01:29   1          THE COURT:  All right.  Good luck to you, Ms. Morales.
12:01:31   2   All right.  Thank you.
12:01:34   3       [The proceedings conclude at 12:01 p.m., 11/2/12.]
           4                    C E R T I F I C A T E
           5       I hereby certify that the foregoing is an accurate
           6   transcription of proceedings in the above-entitled matter.
           7
           8   _____              _____
                07.03.13
                DATE                    JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR
           9                            Official United States Court Reporter
                                        Federally Certified Realtime Reporter
          10                            Wilkie D. Ferguson, Jr., United States Courthouse
                                        400 North Miami Avenue, Suite 12-3
          11                            Miami, FL  33128              305.523.5148
                                        josephamillikan@gmail.com
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```